# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANTHONY WAYNE SEDA,<br>        Appellant, | DOCKET NUMBER<br>PH-0330-14-0719-I-1 |
| v. | |
| SOCIAL SECURITY<br>    ADMINISTRATION,<br>        Agency. | DATE: August 25, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Wayne Seda</u>, Aberdeen, Maryland, pro se.

<u>David Leach</u>, Esquire and <u>Edward C. Tompsett</u>, Philadelphia,
    Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      Effective January 25, 2006, the agency terminated the appellant, a preference-eligible veteran, from his excepted service appointment as a Social Insurance Specialist, Claims Representative Trainee, during his 2-year trial period.  Initial Appeal File (IAF), Tab 4 at 15, 61.  On June 2, 2014, the appellant filed an appeal alleging that his termination violated his rights under VEOA.  IAF, Tab 1 at 3.  In responding to Question 19 on the appeal form, the appellant stated that "VEOA was broken," and he checked the box indicating that the Department of Labor (DOL) had not made a decision on his complaint.[2]  *Id*. at 3.  He did not list the date on which he filed a complaint with DOL, did not attach a

---

[2] Question 19 on the appeal form stated:

> If you filed a complaint with the Department of Labor (DOL), list the date on which you did so, and **attach a copy of your complaint**.  If DOL has made a decision on your complaint, list the date of this decision, and **attach a copy of it**.  If DOL has not made a decision on your complaint within 60 days from the date you filed it, state whether you have notified DOL of your intent to file an appeal with the Board and **attach a copy of such notification**.

IAF, Tab 1 at 3 (emphasis in original).

copy of a DOL complaint he filed, and did not state whether he notified DOL of his intent to file a Board appeal. *Id*. In addition to his VEOA claim, the appellant also argued that the agency violated the Family and Medical Leave Act of 1993, the Americans with Disabilities Act, his due process rights, and his constitutional rights. IAF, Tab 1 at 2, 4.

¶3 The administrative judge informed the appellant of the criteria for establishing the Board's jurisdiction over his appeal under VEOA and ordered him to file a statement indicating the date that he filed his complaint with the Secretary of Labor, and the date that he received written notification, if any, from DOL regarding his complaint. IAF, Tab 2 at 2. In response, the appellant argued the merits of his appeal and claimed that he exhausted his administrative remedies by filing a complaint with DOL on January 25, 2006. IAF, Tab 4 at 5. He further claimed that DOL did not resolve his complaint, and that he received notification from DOL on February 19, 2006. *Id*. The appellant provided documents in support of his argument, but none of them included the above-referenced January 25, 2006 DOL complaint or the February 19, 2006 notification from DOL. IAF, Tab 4.

¶4 The agency filed a motion to dismiss the VEOA appeal for lack of jurisdiction, arguing that the appellant failed to exhaust his administrative remedies because he did not file a complaint with the Secretary of Labor, and that the February 2006 letter identified by the appellant was from the State of Maryland, Division of Employment Insurance, not from DOL. IAF, Tab 6 at 15; *see* IAF, Tab 4 at 34. The agency further argued that the appellant offered no good reason for tolling the filing deadline, and that the claims he made in his VEOA appeal had no merit. IAF, Tab 6 at 16. The appellant subsequently filed additional evidence and argument, without submitting proof that he exhausted his administrative remedy with DOL. IAF, Tabs 7-11, 13-14.

¶5 Without holding a hearing, the administrative judge issued an initial decision on September 29, 2014, dismissing the appeal for lack of jurisdiction and

finding that nothing in the record showed that the appellant had exhausted his administrative remedy with DOL. IAF, Tab 15, Initial Decision (ID) at 1, 4. The administrative judge further found that the appellant offered no valid reason for his failure to file a complaint with DOL within 60 days of his termination. ID at 4. On June 1, 2015, the appellant filed a petition for review, arguing the merits of his appeal. Petition for Review (PFR) File, Tab 1. The appellant also filed a motion to waive the time limit for filing his petition for review, swearing under the penalty of perjury that he received a copy of the initial decision by mail on May 19, 2015, from the Philadelphia Regional Office. PFR File, Tab 3 at 1. The appellant asserted that he received the decision from the regional office after he called the office on May 18, 2015, to check on the status of his appeal, and he discovered that the administrative judge had issued the initial decision on September 29, 2014. *Id*. at 7-9. The appellant further asserted that he never received electronic notification of the issuance of the initial decision. *Id*. at 7.

¶6      The agency responded by arguing that his petition for review should be dismissed as untimely filed without good cause because: he registered as an e-filer and consented to accept electronic service of documents; he responded to other documents served through the Board's e-Appeal system; and he was responsible for monitoring his case in the e-Appeal repository. PFR File, Tab 4 at 6. The agency also argued that the appellant failed to meet his burden of proving that the Board has jurisdiction over his appeal under VEOA because he submitted no proof that he exhausted his administrative remedies with the Secretary of Labor before filing his Board appeal. PFR File, Tab 4 at 7-9. The appellant replied in opposition to the agency's response.[3] PFR File, Tab 5.

---

[3] The appellant's reply exceeded the Board's regulatory length specified in 5 C.F.R. § 1201.114(h). Because of the unusual circumstances of this case, we have waived the length limitation and reviewed his reply in determining the jurisdictional issue.

¶7      As a preliminary matter, we find that the appellant did not register as an e-filer in this appeal.[4]  Because the appellant is not a registered e-filer, and he submitted unrebutted proof that he received a copy of the initial decision in the mail on May 19, 2015, after he learned of its existence on May 18, 2015, we find that the petition for review he filed on June 1, 2015, is timely.[5]  PFR File, Tab 1, Tab 3 at 1, 7-9.  For the reasons stated below, however, we find that the evidence and argument he submits on review present no reason to disturb the initial decision dismissing his appeal for lack of jurisdiction.

¶8      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant alleged in his appeal that the agency's termination action was in violation of his veterans' preference.  IAF, Tab 1 at 3.  To establish Board jurisdiction over an appeal brought under VEOA, an appellant must, among other things, show that he exhausted his administrative remedy with DOL.  *Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶ 10 (2013).  The first step of the exhaustion process is for the appellant to file a complaint with DOL containing a summary of the allegations that form the basis of the complaint.  *Id*.  The administrative judge directed the appellant to provide information regarding his DOL complaint and

---

[4] The record is devoid of evidence that the appellant registered as an e-filer in this matter, and therefore it appears that he should not have been listed as an e-filer and instead should have received service by another method provided for in 5 C.F.R. § 1201.4(i).  The Clerk's Office has corrected the appellant's method of service to U.S. mail.  *See* 5 C.F.R. § 1201.4(i).

[5] Although the appellant did not register as an e-filer in this appeal or electronically file his pleadings, the Board's audit logs of access to the e-Appeal Online Repository in this matter indicate that he accessed and viewed various documents while the matter was pending before the administrative judge and while the matter was pending before the Board on petition for review.  However, the e-Appeal Online distribution logs confirm that the regional office did not electronically notify the parties of the issuance of the initial decision, and the audit logs confirm that the appellant has not accessed the initial decision in the e-Appeal Online Repository.

any response received; however, the appellant did not provide any evidence to support his claim that he filed a DOL complaint and evidence of exhaustion with DOL is mandatory under the statute.  *See* IAF, Tab 2 at 2; *Wible*, 120 M.S.P.R. 333, ¶ 10.  The Board, therefore, lacks jurisdiction over the appellant's VEOA appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.